## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KALISA FLETCHER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **THE CAJUN LEPRECHAUN** | ) | |
| **a CORPORATION, and** | ) | |
| **RONALD SCOTT MARTIN in** | ) | |
| **his Individual and Official capacity,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT

## I. NATURE OF CLAIM

1. This is an action for legal and equitable relief to redress unlawful Sexual Harassment, Sexually Hostile Working Environment, Gender Discrimination and Retaliatory Discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e 2(a)(1), in violation of Civil Rights Act of 1964 Sec.701 et seq., 42 U.S.C. Sec. 2000e et seq. and violations of Alabama State Law. This suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), the Civil Rights Act of 1991, and 42 U.S.C. §§ 1981 and 1981a, 2000e et seq. and the

1

laws of the state of Alabama against Assault and Battery and Invasion of Privacy. The Plaintiff requests a trial by jury of all issues triable to a jury.

## II. <u>JURISDICTION</u>

2. JURISDICTION of this Court is invoked pursuant to 28 U.S.C. §§

1331, 1343(3), 1343(4) and 28 U.S.C. §§ 2201 and 2202. The actions complained of herein below was committed by Defendants within Montgomery County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. <u>ADMINISTRATIVE PRE-REQUISITES</u>

3.    The Plaintiff has met all administrative conditions precedent for filing

this case under Title VII. Plaintiff avers that she was sexually harassed, subjected to a sexually hostile working environment and her employment was terminated on July 3, 2024 in retaliation for her opposing sexually harassing actions that Ronald Scott Martin made towards her. Plaintiff made complaints to management immediately following her sexual harassment and retaliatory discharge; however, the defendants failed to remedy her harassment or the retaliatory termination of Fletcher's employment.  Plaintiff timely filed her Charge of Discrimination on September 12, 2024. After investigation by the EEOC, the Plaintiff was issued **Notice of Right to Sue** from the EEOC, Charge No.: 420-2024-04802 on February 10, 2025. Plaintiff

is filing the instant lawsuit within ninety (90) days of receipt of the issuing of the Notice of Right to Sue. (Exhibit A).

### IV. **PARTIES**

4.  The Plaintiff, Kalisa Fletcher, hereinafter ("Fletcher") is an African American female Citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters alleged herein a resident of Montgomery County in the State of Alabama. Fletcher is a person aggrieved under the statue.

5.  The Defendant, The CAJUN LEPRCHAUN is a Montgomery, Alabama LLC doing business in the City of Montgomery, Montgomery County, Alabama. The Cajun Leprechaun employs more than fifteen (15) people and is thus an "employer" for Title VII purposes.

6.  The Defendant, Ronald Scott Martin, at all times relevant was an **Owner/Manager** of the CAJUN LEPRCHAUN. As an owner/Manager, Martin had the authority to hire and terminate the employment of employees of The Cajun Leprechaun. Moore, as a Owner/Manager of the Cajun Leprechaun, was also responsible for enforcing the policies and procedures of The Cajun Leprechaun and enforcing Federal Employment statues including Title VII's proscription against Sexual Harassment, a Sexually Hostile Working Environment and Retaliatory Discharge!

3

## V. <u>STATEMENT OF FACTS COMMON TO All CLAIMS</u>

7.   Plaintiff, Fletcher, an African American female, was hired on November 2, 2023 by defendant, The Cajun Leprechaun.  Plaintiff did not receive any EEO training  or training on Sexual Harassment or an EEO Policy directing her how to report Sexual Harassment or Retaliation. .*See Faragher v. The City of Boca Raton, 524 U.S. 775, 118 S. Ct 2275 (1998); Burlington Industries, Inc.  v. McEllerth 524 U.S. 742, 118 S.Ct. 2257 (1998); Coates v. Sundowner Brands, Inc. 164 F.3rd. 1361 (11th Cir. 1999): Farley v. American Cast Iron & Pipe Co. 115 F.3rd 1548 (11th Cir. 1997); Watson v. Blue Circle, Inc. 324 F.3rd 1252 (11th Cir. 2000). Miller v. Kenworth of Dothan, Inc. 277 F.3rd 1269(11th Cir. 2002)*

8.   Moreover, Fletcher never received an Employee Handbook of any kind during her employment with the defendant! *See Faragher v. The City of Boca Raton, 524 U.S. 775, 118 S. Ct 2275 (1998); Burlington Industries, Inc.  v. McEllrath 524 U.S. 742, 118 S.Ct. 2257 (1998) Coates v. Sundowner Brands, Inc. 164 F.3rd. 1361 (11th Cir. 1999): Farley v. American Cast Iron & Pipe Co. 115 F.3rd 1548 (11th Cir. 1997); Watson v. Blue Circle, Inc. 324 F.3rd 1252 (11th Cir. 2000). Miller v. Kenworth of Dothan, Inc. 277 F.3rd 1269(11th Cir. 2002)*

9.      On or about July 3rd, 2024, Ronald "Scott Martin", one of the **managers/owners** of The Cajun Leprechaun, started touching Fletcher's neck and cleavage area fondling a neck lace that Fletcher had on. The end of the necklace was hanging right at Fletcher's cleavage and Martin kept **rubbing** his hand against Fletcher's **cleavage area**. Martin's actions were unwanted and unwelcome. This touching was both offensive and threating and made Fletcher very uncomfortable. Scott had been in the restaurant mostly all day and had approximately **Twelve 12 beers and two (2) mixed drinks.** This was the first sexually harassing conduct towards the Plaintiff, Fletcher, by Ronald Scott Martin.

10.     The second encounter with Martin occurred on that same day, July 3rd, 2024, after the first incident. Martin had been at the bar drinking all day! Martin started drinking at 12:04 pm and his last drink was at 8:49pm. Scott had approximately **12 Beers and 2 mixed drinks**! As Fletcher was returning to the host stand to return menus, Martin reached out and **grabbed** Fletcher's shoulder; **he then pulled Fletcher to him and held Fletcher too close like he was trying to hug or kiss Fletcher, and Fletcher pulled away**. All of Martin's actions were physically threatening, humiliating and unwanted. Martin was **visibly intoxicated**,

and Fletcher was humiliated because there were patrons in the restaurant, watching and observing Martin's inappropriate actions.

11.     Martin then **demanded** that Fletcher accompany him to the second floor. Fletcher feared going to the second floor because **NO One** was up there, and Fletcher feared that Martin was now trying to get her alone where there were **NO employees, patrons or witnesses**. Because Fletcher was afraid that her employment would be terminated, Fletcher reluctantly followed Martin to the Second Floor. Once on the second floor, Martin told Fletcher to taste or to drink (**3**) **three beers** or lose her job! Martin told Fletcher to drink the beers, and Fletcher refused. Scott than told Fletcher, "**FUCK YOU, YOU'RE FIRED and get the FUCK OUT OF MY BUILDING".** Immediately following Fletcher's retaliatory termination, the Plaintiff, Fletcher, reported the events leading up to her termination and her termination to **two** of her Managers/Owners. The two owners' managers failed and refused to take any effective remedial action and rescind the retaliatory termination of Fletcher.

12. Because the defendants' failed to provide the plaintiff with a Sexual Harassment Policy or any training on Sexual Harassment the defendants are **strictly liable** for the sexual harassment and a sexually hostile working environment suffered by the plaintiff. See *Faragher v. The City of Boca*

*Raton, 524 U.S. 775, 118 S. Ct 2275 (1998); Burlington Industries, Inc.*

*v. McEllrath 524 U.S. 742, 118 S.Ct. 2257 (1998).*

## VI.          CAUSES OF ACTION

### COUNT ONE

### A. TITLE VII SEXUAL HARASSMENT AGAINST THE CAJUAN LEPRECHAUN

13.  Fletcher was sexually harassed by her **Manager/Owner** Ronald "Scott" Martin and forced to work in a sexually hostile working environment by the defendant The Cajun Leprechaun. Fletcher never received an Employee Handbook, a Sexual Harassment Policy or training on Sexual Harassment. Fletcher was sexually harassed by her immediate Manager/Owner Ronald "Scott" Martin. **See *Faragher v. The City of Boca Raton, 524 U.S. 775, 118 S. Ct 2275 (1998); Burlington Industries, Inc. v. McEllrath 524 U.S. 742, 118 S.Ct. 2257 (1998).***

14. Plaintiff, Fletcher, was subjected to working conditions in violation of Title VII because of her gender and/or sex and the corporate defendants are strictly liable under Title VII for said sexual harassment and sexually hostile working environment. **See *Faragher v. The City of Boca Raton, 524 U.S. 775, 118 S. Ct 2275 (1998); Burlington Industries, Inc.  v. McEllrath 524 U.S. 742, 118 S.Ct. 2257 (1998); Coates v. Sundowner Brands, Inc. 164 F.3rd. 1361 (11th Cir. 1999): Farley v. American Cast Iron & Pipe Co. 115 F.3rd 1548 (11th Cir. 1997); Watson***

*v. Blue Circle, Inc. 324 F.3rd 1252 (11th Cir. 2000). Miller v. Kenworth of Dothan, Inc.*

**277 F.3rd 1269(11th Cir. 2002); Adams v. Austal 754 F.3rd 1240 (11th Cir. 2014);Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3rd 798 (11th Cir. 2010); Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 118 S. Ct 998, 140 L. Ed 2d 201(1998); Harris v. Forklift Sys. Inc., 510 U.S. 17, 114 S. Ct 367, 126 L. Ed 2d 295 (1993).**

15. At all times relevant to this action, Ronald "Scott" Martin's sexual harassment of the plaintiff, Fletcher, was unwelcome and was so severe and pervasive as to adversely affect the terms and conditions of her employment.

16. Defendants knew or should have known of the harassment of the plaintiff, Fletcher, however, the defendants failed to take prompt, effective remedial action to prevent ongoing sexual harassment and to prevent a sexually hostile working environment and retaliatory discharge even after the Plaintiff reported the conduct and the termination of her employment.

17. Plaintiff is now suffering and will continue to suffer irreparable harm and injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

18. The Plaintiff has no plain, adequate or complete remedy at law to redress

these wrongs.  The wrongs alleged herein and this suit for back pay, compensatory and punitive damages, injunctive relief and declaratory judgment is Plaintiff's only means of securing adequate relief.

19. This malicious, reckless and willful discrimination on the part of the defendants, constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

## COUNT TWO

### B. SEXUALLY HOSTILE WORKING ENVIRONMENT CLAIMS BROUGHT AGAINST THE CAJUN LEPRECHUN

20. The actions of Ronald "Scott" Martin created a sexually hostile working environment in violation of Title VII of the Civil Rights Act of 1964 as amended, and the Civil rights Act of 1991. At all times relevant to this action, the sexual harassment of the plaintiff, Fletcher, by Martin, was unwelcome and was so severe and pervasive as to adversely affect the terms and conditions of plaintiff's employment.

21. Plaintiff, Fletcher, is now suffering and will continue to suffer irreparable harm and injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

22.    The Plaintiff, Fletcher, has no plain, adequate or complete remedy at law to redress these wrongs.   The wrongs alleged herein and this suit for back pay, compensatory and punitive damages, injunctive relief and declaratory judgment is Plaintiff's only means of securing adequate relief.

23.    This malicious, reckless and willful discrimination on the part of the defendant constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

## COUNT THREE

## C. RETALIATION: TITLE VII §704 (a)

24.    . The Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above with the same force and effect as if fully set out in specific detail herein below.

25.    After Fletcher rebuffed and refused Martin's sexual advances, Martin immediately terminated Fletcher's employment and told her " **Fuck you, You're Fired, Get the Fuck Out of my building."** Following her retaliatory discharge by Martin, Fletcher immediately reached out to two (**2**) of her other managers or owners and advised them of the events leading up to her termination and requested assistance. Fletcher's retaliatory termination was not rescinded.

26. The effect of the Defendant's retaliation, i.e., retaliatory discharge, as outlined above, has been to deprive the Plaintiff of the right to oppose discriminatory business practices in violation of Title VII of the Civil Rights Act of 1964, § 704(a) 42 U.S.C. Section 2000e, as amended.

27. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

28. Plaintiff has suffered embarrassment, humiliation, mental distress, and emotional pain and anguish as a consequence of the Defendant's retaliatory, demeaning, and unlawful conduct.

29. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit, and action for injunctive, declaratory and other relief, including punitive and compensatory damages, is his only means of securing adequate relief.

30. The Plaintiff is now suffering and will continue to suffer irreparable Injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

31. This malicious, reckless and willful discrimination on the part of the

Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964 § 704(a) as amended, and the Civil Rights Act of 1991, and 42 U.S.C. § 1981(a).

## VII. STATE LAW CLAIMS

## COUNT FOUR

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## AGAINST THE CAJUN LEPRECHAUN AND RONALD SCOTT MARTIN

32.  This is a claim arising under the law of the State of Alabama to redress Ronald Scott Martin's intentional infliction of emotional distress upon the Plaintiff and Defendant the Cajun Leprechaun's **ratification** of that conduct. Following plaintiff's termination for rebuffing Martins' sexual advances Fletcher reached out to two (2) of her Managers/Owners about the events leading up to her termination and her termination and they ratified Martin's conduct, including her termination, by refusing to rescind her termination.

33.  The conduct of Defendants, Martin and The Cajun Leprechaun, as set out above, was so extreme, outrageous and beyond the boundaries of decency in a civilized society and it proximately caused the Plaintiff to suffer great emotional distress and trauma for which she claims compensatory and punitive damages from Defendants.

34.   The Defendant, The Cajun Leprechaun, condoned, authorized and/or ratified Martin's conduct because they knew of Martin's outrageous conduct towards the plaintiff and failed to remedy it.

## COUNT FIVE

## NEGLIGENT AND/OR MALCICOUS RETENTION, SUPERVISION AND TRAINING

35. This is a claim arising under the law of the State of Alabama to redress the Defendants,  Martin and The Cajun Leprechauns' negligent and/or malicious retention, training and supervision of the plaintiff, Fletcher.

36. By failing to have and/or to enforce a sexual harassment policy and by failing to conduct sexual harassment training, Defendant(s) negligently, wan tingly and/or maliciously failed to train Pritchett and female employees on the subject of unlawful harassment which proximately caused the sexual harassment of the plaintiff.

37. Furthermore, Defendant(s) failure to train its employees on the subject of sexual harassment and retaliation proximately allowed the creation of a sexually hostile working environment.

## COUNT SIX

## INVASION OF PRIVACY

38.  The Plaintiff re-alleges and incorporates by reference paragraphs 1-44 above with the same force and effect as if fully set out in specific detail herein below.

39.  This claim arises under the laws of the state of Alabama to redress the right of Black to be free from violations of her right to privacy and the defendant's violations or her rights by Rhodes and ratification of his conduct by FGO after they were placed on actual notice of the first grouping incident.

40.  Rhode's conduct as set forth above was an invasion of Black's privacy and proximately caused Black to suffer emotional distress and trauma for which she claims compensatory and punitive damages from defendants.

41.  Defendant, FGO's, ratified Rhode's conduct and was aware of the ongoing invasion of privacy of Black and failed to stop or prevent the second act of grouping by Rhodes.

## COUNT SEVEN

## ASSAULT and BATTERY

42.  This is a claim arising under the law of the State of Alabama to redress Ronald Scott Martin's assault and battery upon the Plaintiff and Defendant the Cajun Leprechaun's **ratification** of that conduct.  Following plaintiff's assault and battery and her retaliatory termination for rebuffing Martins' sexual advances Fletcher reached out to two (2) of her Managers/Owners about the events leading up to her termination including her assault and battery and her termination The defendant ratified Martin's assault and battery, including her termination, by refusing to rescind her termination.

43.  The conduct of Martin and the Cajun Leprechaun, as set out above, was so extreme, outrageous and beyond the boundaries of decency in a civilized society and it proximately caused Plaintiff to suffer great emotional distress and trauma for which she claims compensatory and punitive damages from Defendants.

44.  The defendant the Cajun Leprechaun condoned, authorized and/or ratified Martin's conduct because they knew of Martin's outrageous conduct towards the plaintiff and failed to remedy it.

## IV.    **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that this Court will Assume jurisdiction of this action and after trial:

1.  Grant the Plaintiff a declaratory judgment holding that the action of the Defendants described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII, The Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. Section 704(a) and state law.

2.  Grant the Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys and those acting in concert with this Defendants and on this Defendant's behalf from continuing to violate Title VII and state law.

3.  Issue an injunction ordering Defendants: (1) not to engage in sexual harassment, sexually hostile working environments or retaliation (2) ordering Defendants to establish written policies and procedures against discriminatory conduct and to train every employee on them; (3) and to establish a grievance procedure for reporting such conduct which is well disseminated and trained on;

4.  Grant the Plaintiff an Order requiring the Defendants to make the Plaintiff whole by awarding Plaintiff back pay, front pay (plus interest) and by awarding Plaintiff compensatory, punitive, liquidated, and/or nominal damages.

5.      The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS
A JURY TRIAL FOR ALL ISSUES TRIABLE BY JURY**

**RESPECTFULLY SUBMITTED,**

**/s/ BYRON R. PERKINS (ASB-0183-N75B)**
*Attorney for Plaintiff*

**OF COUNSEL**
PERKINS-LAW, LLC
The Civic Center Medical Forum Bldg.
950 22nd Street North, Suite 825
Birmingham, AL 35203
bperkins@perkins-law.com
Office (205)558-4696
Facsimile (205)533-8810

**PLEASE SERVE ALL DEFENDANTS VIA CERTIFIED MAIL**

**THE CAJUN LEPRECHAUN , LLC
C/O Anthony Paris
22 Monroe Street, Suite 3A
Montgomery, Alabama 36104**

**Ronald Scott Martin
2953 Summit Top Court N.E.
Marietta, GA 30066**

*/s/Byron R. Perkins*
Byron R. Perkins